UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS BARCIA,

                                                    Plaintiff,

                        -against-                                    **INDEX NO.**

                                                                     **COMPLAINT**
UNCLE G'S MANAGEMENT CORP. d.b.a. UNCLE
GIUSEPPE'S, and PHILIP DELPRETE
                                                    Defendants

-------------------------------------------------------------------X


## JURISDICTION AND VENUE

1. **Federal Question Statute**: The Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(1).

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question) .

3. **Supplemental Jurisdiction Statute:** This court has supplemental jurisdiction for claims so related under the §296 of the New York State Human Rights Law and §215 of the NYLL.

4. **Basis for venue.** A substantial part of the events or omissions giving rise to the claim occurred in the SOUTHERN District of New York.


## THE PARTIES

3. Thomas Barcia ("Plaintiff Barcia") or ("Ms. Barcia") resides at 182 Tomahawk St. Yorktown Heights NY, 10598.

4. UNCLE G'S MANAGEMENT CORP. d.b.a. UNCLE GIUSEPPE'S is a company doing business in the state of New York located at 475 Main St, Suite 2a, Farmingdale NY, 11735.

5. On information and belief, Philip Delprete is the chief executive of UNCLE G'S MANAGEMENT CORP. d.b.a. UNCLE GIUSEPPE'S located at 475 Main St., Suite 2a, Farmingdale NY, 11735.

6. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, UNCLE G'S MANAGEMENT CORP. performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

7. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, Philip Delprete performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

8. On information and belief Defendants employed over 50 employees at all relevant times hetero.

**Plaintiff Barcia.**

9. The Defendants employed Plaintiff Barcia as a W2 non-exempt wage earner.

5. The Defendants hired Plaintiff Barcia on December 18, 2019.

6. Plaintiff Barcia stopped working for Defendants on or around March 13, 2023.

7. Defendants employed Plaintiff Barcia in the position of bench meat department manager.

8. Plaintiff Barcia's job duties included performing various duties such as assisting with the daily operations of the meat department.

9. Plaintiff Barcia worked for Defendants in the 2019 calendar year.

10. Plaintiff Barcia worked for Defendants in the 2020 calendar year.

11. Plaintiff Barcia worked for Defendants in the 2021 calendar year.

12. Plaintiff Barcia worked for Defendants in the 2022 calendar year.

13. Plaintiff Barcia worked for Defendants in the 2023 calendar year.

14. Plaintiff Barcia had a varying weekly schedule, working between 45 and 50 hours per week.

15. Plaintiff Barcia was paid a salary of $83,000.00 per year.

16. Plaintiff's general work schedule was from Monday to Friday starting at 5:30 p.m. and ending at 11:00 p.m.

17. Plaintiff Barcia worked either 5 or 6 days per week.

18. Defendants paid Plaintiff Barcia on a salary basis.

19. Defendants paid Plaintiff Barcia on a weekly basis.

**FMLA retaliation.**

20. In July 2022, Plaintiff Barcia began experiencing severe pain due to suffering from varicose veins and frequent pain in his legs.

21. The Medical Condition affects Plaintiff Barcia by severely limiting his mobility and ability to stand for long periods of time.

22. Due to his medical condition, Plaintiff requested a reduction in his days of work to accommodate his ailment. Also, Plaintiff provided Yaselin Lavanda, the Defendants' HR manager with the requisite medical documentation.

23. The accommodation was necessary because Plaintiff's legs would get swollen and itchy after working for long periods of time.

24. Instead of accommodating Plaintiff, Defendants retaliated against him by adding an extra day to his shift which worsened his condition.

25. Further, in September of 2022, Plaintiff went to the doctor and discovered he had an enlarged prostate. The Doctor requested Plaintiff receive a biopsy to confirm whether the prostate was cancerous and whether was malignant or benign.

26. Plaintiff notified his supervisor Eduardo of the biopsy appointment and he attempted to prevent Plaintiff from attending this appointment because it was, "his day off."

27. Due to medical complications from his prostate cancer, Plaintiff received a doctor's note that put him out of work until October 17, 2022.

28. Defendants did not allow Plaintiff to return to his work duties on October 17, 2023. Instead, Plaintiff was told to come back on November 7, 2022, to be reinstated at his job position.

29. On November 7, 2022, Plaintiff requested to be reinstated at his job position, however, no one responded to his request. Finally, Sean Gilday called Plaintiff and stated that he could return to the catering department for the same pay and the same hours. Plaintiff was able to come back to work on November 13, 2022.

30. Due to Plaintiff's condition, he was scheduled to undergo prostatic surgery on December 8, 2022.

31. On November 18, 2022, Luanne Monahan called Mr. Barcia stating he could no longer come back to work. At this point in time, Ms. Monahan understood Mr. Barcia had his prostate surgery scheduled for December 8, 2022. Although Mr. Barcia was performing his job well, Ms. Monahan indicated that there was no room for Plaintiff in the catering department due to his doctor's note conveying a 10-pound restriction and further stated they did not have the finances to compensate Mr. Barcia.

32. Plaintiff stated to Ms. Monahan that the store was extremely busy, and there was in fact work for him to complete in the kitchen. There were also recruiting ads for "Kitchen Prep Help" sent out by Uncle Giuseppe's at this time.

33. Ms. Monahan ignored Plaintiff's comments and forced him to go out on disability and FMLA leave despite the fact that Plaintiff had a doctor's note clearing him to work for which he was able and willing to work. Plaintiff was only earning $170.00 dollars per week while out on disability.

34. Plaintiff returned from FMLA leave on February 13, 2023.

35. After Plaintiff returned from FMLA leave, he was not reinstated back to his original position. Instead, the Defendants hired a new manager to perform Plaintiff's job. Further, Defendants modified Plaintiff's work hours making him work from 11:30 am to 9:30 pm which was extremely late for the meat department.

36. Additionally, Defendants attempted to push Plaintiff out of his position by forcing him to perform demeaning tasks that were not part of his job duties prior to his surgery. For example, Plaintiff was previously not responsible for cleaning the machines, nor was he trained to clean said machines. Despite this lack of training, Defendants attempted to discipline Plaintiff for his lack of knowledge.

37. On February 21, 2023, Plaintiff sent an e-mail to Louanne Monahan expressing his legitimate concerns that he was being targeted. Plaintiff Barcia correctly noted in his e-mail to Ms. Monahan that he was a punctual, hardworking employee with no history of write-ups or callouts. The plaintiff noted in his e-mail that "it is clear that I am being targeted. I am working on my recovery, and I don't need this added stress."

38. Instead of addressing Plaintiff's concerns, Defendants terminated his employment on March 12, 2023.


**FIRST CAUSE OF ACTION**
**(FMLA 29 U.S.C § 2615(a)(1))**
**(FMLA retaliation)**


39. All allegations are hereby repeated, re-alleged and incorporated each and every allegation as though fully set forth herein.

40. The FMLA covered the Defendants and protected the Plaintiff.

41. Defendants interfered with and restrained the Plaintiff in the substantive rights afforded to her by the FMLA and supporting regulations.

42. Defendants knowingly and willfully reatliated against Plaintiff by terminating his employment after he took FMLA leave.

43. Pursuant to FMLA §105(a)(1), it is unlawful for an employer to discriminate or retaliate against an employee in the exercise of the rights under the FMLA.

44. Plaintiff suffered harm as a result of Defendants restrains of the rights afforded under the FMLA.


**SECOND CAUSE OF ACTION**
**(Interference with entitlement to FMLA leave)**
**(29 U.S.C. §2615)**

45. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

46. On information and belief, at all times relevant hereto, Plaintiff was entitled to the protections of the FMLA, and Defendants were subject to the FMLA.

47. Plaintiff suffered from a serious health condition as defined in the FMLA.

48. Under the FMLA, an employer such as the Defendants are required to give an eligible employee FMLA protected leave with a serious health condition, such as Plaintiff. Furthermore, an Employer such as Defendants are required to notify an employee like Plaintiff of their rights and to permit the use of intermittent leave from work and to be resinstated from work upon the cessation of the need for FMLA leave.

49. Defendant interfered with Plaintiff's FMLA rights when they forced Plaintiff to use FMLA leave and exhaust it when he did not need to, did not advise him of his rights to intermittent leave, and failed to comply with the provisions of the FMLA such that Plaintiff could freely use the leave to address his serious health condition.

50. By Defendant's failure to comply with the requirements of the FMLA as described herein, Defendants violated the FMLA and the supporting Federal department of labor regulations.

## THIRD  CAUSE OF ACTION
### (Harassment Hostile Work Environment)
### New York Exec. Law §296 et. seq.

51. Every fact alleged herein is repeated, re-alleged and incorporated as though fully set forth herein.

52. As set forth herein, the Defendants unlawfully discriminated against Plaintiff by creating a hostile work environment based on the protected characteristic of disability.

53. Under the New York Human Rights Law, Plaintiff's  entitled to remain free from working in a hostile work environment.

54. By failing to create a work environment that was free from hostile attitudes and behaviors directed at Plaintiff's protected characteristics, the Defendants took an adverse employment action against Plaintiff in violation of the New York Human Rights Law.

55. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## FOURTH CAUSE OF ACTION
### (Discrimination)
### New York Exec. Law §296 et. seq.

56. Every fact alleged herein is repeated, re-alleged and incorporated as though fully set forth herein.

57. As set forth herein, the Defendants took an adverse employment action against Plaintiff **based on the protected characteristic** of disability.

58. Under the New York Human Rights Law, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of disability.

59. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate)
### New York Exec. Law §296 et. seq.

60. Every fact alleged herein is repeated, re-alleged and incorporated as though fully set forth herein.

61. The Defendants unlawfully failed to accommodate the Plaintiff's  protected characteristic of disability

62. Under the New York Human Rights Law, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of disability.

63. The Defendants took an adverse employment action against Plaintiff when the Defendants failed to accommodate the Plaintiff

64. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## SIXTH CAUSE OF ACTION
### (Retaliation)
### (New York State; NY Labor Law §215)

65. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

66. The anti-retaliation protections of NY Lab. Law §215 and its supporting regulations apply to the Defendants and protected the Plaintiff.

67. As described herein, the Defendants retaliated against Plaintiff when Defendants took an adverse employment action against Plaintiff because the Plaintiff Plaintiff Last Name. engaged in the protected activity.

68. By Defendants' knowing or intentional retaliation against the PlaintiffPlaintiff Last Name., the Defendants violated NYLL §215 and the supporting regulations.

69. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, compensatory damages, liquidated damages, punitive damages; reasonable attorney's fees, expenses, and the costs of the action; pre-judgment and post-judgment interest from the Defendants.

## SEVENTH CAUSE OF ACTION
### (Retaliation)
### (New York Human Rights Law §296 et. seq)

70. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

71. The anti-retaliation protections of the NYHRL and its supporting regulations apply to the Defendants and protected the Plaintiff.

72. As described herein, the Defendants retaliated against Plaintiff when Defendants took an adverse employment action against Plaintiff because the Plaintiff Plaintiff Last Name. engaged in the protected activity described herein.

73. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated NYHRL and the supporting regulations.

74. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, compensatory damages, punitive damages; reasonable attorney's fees, expenses, and the costs of the action; pre-judgment and post-judgment interest from the Defendants..

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks all available remedies available under all causes of action listed herein this Complaint, and any and all of remedies that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand trial by jury.

Dated:  White Plains, New York
        October 3, 2023

EL-HAG & ASSOCIATES, P.C

_Jordan El-Hag_
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com

9