UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-------------------------------------------------------------------X
THOMAS BARCIA                                                    7:23-CV-08686

                          Plaintiff,

                                                                **DEFENDANTS' VERIFIED**
        -vs.-                                                   **ANSWER AND**
                                                                **AFFIRMATIVE DEFENSES**

UNCLE G'S MANAGEMENT CORP. d.b.a. UNCLE
GIUSEPPE'S and PHILIP DELPRETE

                          Defendants.
-------------------------------------------------------------------X

Defendants, Uncle G's Management Corp. d.b.a. Uncle Giuseppe's ("Uncle G's" or

"Defendant") and Philip DelPrete ("DelPrete" or "Defendant"), collectively the Defendants, by

and through their attorneys, The DeIorio Law Group, PLLC, hereby responds to the Plaintiff's,

Thomas Barcia ("Mr. Barcia" or "Plaintiff") Complaint in accordance with the numbered

paragraphs as follows:

## JURISDICTION AND VENUE

1. Defendants admit the allegations contained in Paragraph "1" of the Complaint.

2. Defendants admit the allegations contained in Paragraph "2" of the Complaint.

3. Defendants deny knowledge or information sufficient to form an answer as to the
   allegations contained in Paragraph "3" of the Complaint.

4. Defendants deny knowledge or information sufficient to form an answer as to the
   allegations contained in Paragraph "4" of the Complaint.

1

## THE PARTIES

5.  Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "3" of the Complaint.

6.  Defendants admit the allegations contained in Paragraph "4" of the Complaint.

7.  Defendants admit the allegations contained in Paragraph "5" of the Complaint.

8.  Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "6" of the Complaint.

9.  Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "7" of the Complaint.

10. Defendants admit the allegations contained in Paragraph "8" of the Complaint.

## PLAINTIFF BARCIA

11. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "9" of the Complaint.

12. Defendants admit the allegations contained in the second Paragraph "5" of the Complaint.

13. Defendants admit the allegations contained in Paragraph "6" of the Complaint.

14. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "7" of the Complaint.

15. Defendants admit the allegations contained in Paragraph "8" of the Complaint.

16. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "9" of the Complaint.

17. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "10" of the Complaint.

18. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "11" of the Complaint.

19. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "12" of the Complaint.

20. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "13" of the Complaint.

21. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "14"of the Complaint.

22. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "15" of the Complaint.

23. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "16" of the Complaint.

24. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "17" of the Complaint.

25. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "18" of the Complaint.

26. Defendants admit the allegations contained in Paragraph "19" of the Complaint.

## FMLA RETALIATION

27. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "20" of the Complaint.

28. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "21" of the Complaint.

29. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "22" of the Complaint.

30. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "23" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

32. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "25" of the Complaint.

33. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

34. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "27" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "28" of the Complaint.

36. Defendants deny the allegations contained in Paragraph "29" of the Complaint.

37. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "30" of the Complaint.

38. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

39. Defendants deny the allegations contained in Paragraph "32" of the Complaint.

40. Defendants deny the allegations contained in Paragraph "33" of the Complaint.

41. Defendants admit the allegations contained in Paragraph "34" of the Complaint.

42. Defendants deny the allegations contained in Paragraph "35" of the Complaint.

43. Defendants deny the allegations contained in Paragraph "36 "of the Complaint.

4

44. Defendants deny the allegations contained in Paragraph "37", and otherwise admit that Plaintiff sent an e-mail to Louanne Monahan on February 21, 2023, and that Plaintiff stated in the e-mail "….it is clear that I am being targeted. I am working on my recovery, and I don't need this added stress."

45. Defendants deny the allegations contained in Paragraph "38" of the Complaint.

## FIRST CAUSE OF ACTION
(FMLA 29 U.S.C. §2615(a)(1)
(FMLA Retaliation)

46. The allegations contained in Paragraph "40" do not require a response because they assert legal conclusions rather than factual allegations. To the extent a response is required, Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "40" of the Complaint.

47. Defendants deny the allegations contained in Paragraph "41" of the Complaint.

48. Defendants deny the allegations contained in Paragraph "42" of the Complaint.

49. The allegations contained in Paragraph "43" do not require a response because they assert legal conclusions rather than factual allegations.

50. Defendants deny the allegations contained in Paragraph "44" of the Complaint.

## SECOND CAUSE OF ACTION
(Interference with Entitlement to FMLA Leave
(29 U.S.C. §2615)

51. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "46" of the Complaint.

52. Defendants deny knowledge or information sufficient to form an answer as to the allegations contained in Paragraph "47" of the Complaint.

53. The allegations contained in Paragraph "48" do not require a response because they assert legal conclusions rather than factual allegations.

54. Defendants deny the allegations contained in Paragraph "49" of the Complaint.

55. Defendants deny the allegations contained in Paragraph "50" of the Complaint.

### THIRD CAUSE OF ACTION
(Harassment Hostile Work Environment)
(New York Exec. Law §296 et. seq.)

56. Defendants deny the allegations contained in Paragraph "52" of the Complaint.

57. The allegations contained in Paragraph "53" do not require a response because they assert legal conclusions rather than factual allegations.

58. Defendants deny the allegations contained in Paragraph "54" of the Complaint.

59. Defendants deny the allegations contained in Paragraph "55" of the Complaint.

### FOURTH CAUSE OF ACTION
(Discrimination)
(New York Exec. Law §296 et. seq.)

60. Defendants deny the allegations contained in Paragraph "57" of the Complaint.

61. The allegations contained in Paragraph "58" do not require a response because they assert legal conclusions rather than factual allegations.

62. Defendants deny the allegations contained in Paragraph "59" of the Complaint.

### FIFTH CAUSE OF ACTION
(Failure to Accommodate)
(New York Exec. Law §296 et. seq.)

6

63. Defendants deny the allegations contained in Paragraph "61" of the Complaint.

64. The allegations contained in Paragraph "62" do not require a response because they assert legal conclusions rather than factual allegations.

65. Defendants deny the allegations contained in Paragraph "63" of the Complaint.

66. Defendants deny the allegations contained in Paragraph "64" of the Complaint.

## SIXTH CAUSE OF ACTION
(Retaliation)
(New York Exec. Law §215 et. seq.)

67. The allegations contained in Paragraph "66" do not require a response because they assert legal conclusions rather than factual allegations.

68. Defendants deny the allegations contained in Paragraph "67" of the Complaint.

69. Defendants deny the allegations contained in Paragraph "68" of the Complaint.

70. Defendants deny the allegations contained in Paragraph "69" of the Complaint.

## SEVENTH CAUSE OF ACTION
(Retaliation)
(New York Human Rights Law §296 et. seq.)

71. The allegations contained in Paragraph "71" do not require a response because they assert legal conclusions rather than factual allegations.

72. Defendants deny the allegations contained in Paragraph "72" of the Complaint.

73. Defendants deny the allegations contained in Paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in Paragraph "74" of the Complaint

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

7

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under such equitable defenses that the evidence demonstrates, including but not limited to, the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to make good faith and diligent efforts to mitigate his purported damages, if any.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part by his own acts, omissions, or conduct.

WHEREFORE, Defendants demand judgment:

(1) Dismissing the FMLA Complaint in its entirety.

8

(2) Granting such other and further relief as the Court deems just and proper.

Dated:  Rye Brook, New York
December 21, 2023

Yours,
The DeIorio Law Group, PLLC

Patrick V. DeIorio, Esq., PD 6403
800 Westchester Avenue, Suite S608
Rye Brook, NY 10573
Tel.: (914) 696-5555
pvd@deioriolawgroup.com

To:

**VIA PACER & E-MAIL**
Jordan El-Hag, Esq.
Dylan J. Wiley
*Attorneys for Plaintiff*
777 Westchester Ave., Suite 101
White Plains, NY  10604
(914) 752-2922
jordan@elhaglaw.com
d.wiley@elhaglaw.com

**VERIFICATION OF ATTORNEY**

STATE OF NEW YORK                    )

COUNTY OF WESTCHESTER      ) ss:

                                                      )

PATRICK V. DEIORIO, ESQ., being duly sworn, deposes and says:

      I am the attorney for Defendants in this action and my offices are located at 800 Westchester Avenue, Rye Brook, New York. This verification is made by me because the answering Defendants do not have any person(s) acquainted with the relevant facts who are located in Westchester County which is the county where my office is located. I have read the accompanying Verified Answer and Affirmative Defenses and know its contents. The Answer is true to my knowledge, except at to matters alleged on information and belief, and as to those matters, I believe them to be true. The sources of my information and grounds of my belief as to all matters in the foregoing Verified Answer not stated to be made upon knowledge are as follows; review of all file materials and conversations with persons of knowledge.

_____

Patrick V. DeIorio, Esq.

# CERTIFICATION OF SERVICE

I, Patrick V. DeIorio, Esq., do hereby certify that a true and correct copy of the Defendants' Verified Answer and Affirmative Defenses was electronically filed with the United States District Court of the Southern District of New York and via the ECF system, and was disseminated to counsel of record on December 21, 2023.

Patrick V. DeIorio, Esq.

11